IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA TURLEY, | No. C 06-05291 SI |
|       Plaintiff, | **ORDER GRANTING MOTION TO SUBSTITUTE THE UNITED STATES FOR DEFENDANT DOO; GRANTING THE UNITED STATES MOTION TO DISMISS; REMANDING CLAIMS AGAINST REMAINING DEFENDANTS** |
| v. | |
| GABE BARRERA, et al., | |
|       Defendants. | |

On October 27, 2006, the Court heard oral argument on the motion to substitute the United States for defendant Doo and to dismiss the claims against the United States for lack of subject matter jurisdiction. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS the motion to substitute the United States for defendant Doo, and GRANTS the United States' motion to dismiss. As a result, the Court lacks jurisdiction over the remaining claims and hereby REMANDS those claims to the Del Norte County Superior Court.

**BACKGROUND**

On May 4, 2006, plaintiff Fiona Turley filed suit in state court against defendant Bryan Doo, M.D., and several other defendants. Plaintiff, the daughter of decedent Mark Turley, alleges that defendant Shoreline Seafood and Cold Storage was negligent in maintaining its business premises and as a result, there was a chemical spill which injured the decedent and contributed to his death. Compl. ¶ 8. Plaintiff further alleges that defendant Bryan Doo, M.D., was negligent in the care and treatment of her father which resulted in his death. *Id*. at ¶ 16.

On or about August 21, 2006, the United States Attorney's Office received a copy of the

summons and complaint from the United States Department of Health and Human Services. Notice of Removal ¶ 2. The United States Attorney filed a notice of removal pursuant to 42 U.S.C. § 233(c) of the Federally Supported Health Care Assistance Act, on the ground that defendant Doo is a physician employed by the Open Door Community Health Center, which is a federal health center. *Id.* ¶ 3. The United States also removed this action pursuant to 28 U.S.C. § 2679 (d)(2) because the Attorney General certified that Doo was acting within the course and scope of his employment at all times relevant to plaintiff's claims. *Id.* ¶ 4. The certification states, *inter alia*,

> Bryan Doo, M.D. was an employee of the Open Door Community Health Centers at all times relevant to the Plaintiff's claim. Employees of the health center are deemed to be employees of the Public Health Service pursuant to 42 U.S.C. § 233(a) and are employees of the federal government for purposes of 28 U.S.C. § 2679.

Certification Pursuant to 28 U.S.C. 2679(d) at ¶ 2.

The United States, specially appearing, now moves to substitute the United States for Doo as the defendant and dismiss the complaint for lack of subject matter jurisdiction.

## DISCUSSION

### I. Substitution of defendant

When a federal employee is sued for a negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 enables the Attorney General to certify that the employee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679 (d)(1). Upon certification, the employee is dismissed from the suit, and the United States is substituted as the defendant. As a result, the case is governed by the Federal Tort Claims Act (FTCA). The certification by the Attorney General is subject to judicial review. *See Billings v. United States*, 57 F.3d 797, 799 (9th Cir. 1995). The party challenging the certification is required to present evidence disproving the Attorney General's certification by a preponderance of the evidence. *Id.* at 800; *see also Larsen v. Fredericksen*, 277 F.3d 1040, 1041 (8th Cir. 2002) (holding that the party challenging the Attorney General's certification has the burden of coming forward with specific facts rebutting the certification).

Plaintiff challenges the certification and has submitted a declaration from counsel stating that, "[a]ccording to my review of the records Dr. Doo was performing services at the Sutter Coast Hospital

on the relevant dates in question" and that "[d]iscovery to date has not revealed whom Dr. Doo was working for when the malpractice was committed." Zito Decl. ¶ 5.

The Court concludes that plaintiff has not met her burden to disprove the Attorney General's certification. Plaintiff's attorney's declaration simply asserts certain records suggest that Dr. Doo was not working at the Open Door Center at the time of the incident.[1] Plaintiff has not submitted the records to the Court, and Zito's declaration neither identifies these records nor explains why the records led him to this conclusion. The certification by the Attorney General is prima facie evidence that defendant Doo was working in the capacity as a federal employee. *See Billings*, 57 F.3d at 800. Because plaintiff failed to submit any specific evidence to rebut the Attorney General's certification, the Court accepts that certification and accordingly GRANTS the motion to substitute the United States for defendant Doo. As result, plaintiff's claims against the United States are governed by the Federal Tort Claims Act.

## II.     Dismissal for lack of subject matter jurisdiction

A federal district court does not have the authority to adjudicate the case before it when subject matter jurisdiction is lacking. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The Federal Tort Claims Act requires persons with tort claims against the federal government to file a claim with the appropriate federal agency. *See* 28 U.S.C.A § 2675(a). Additionally, federal courts do not have subject matter jurisdiction unless the agency denies the claim or six months have passed since the claim was filed. *Id.*

The United States argues the complaint must be dismissed because plaintiff has not exhausted her administrative remedies and this requirement is mandatory. Plaintiff counters that the requirement is not mandatory in certain circumstances such as when the presentation of the claim is futile. Plaintiff argues it is futile to proceed before the administrative agency because it is unlikely the agency would be able to resolve the matter because it involves complex malpractice litigation.

The Court finds that the requirement that the administrative remedies first be exhausted is mandatory. The statute clearly states, "an action shall not be instituted . . . unless the claimant shall

---

[1] Additionally, this declaration was not submitted under the penalty of perjury as required by 28 U.S.C. § 1746.

3

have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675 (a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). Moreover, while there may be circumstances in which it is appropriate to excuse compliance with the administrative exhaustion requirement, the record here does not compel such a finding. *See*, *e.g.*, *Bowen v. City of New York*, 476 U.S. 467 (1986) (exhaustion of administrative remedies was excused where government's secretive conduct precluded claimants from being aware that government was routinely denying benefits pursuant to illegal internal policy). Additionally, plaintiff's argument that the administrative agency may be unable to resolve her claim because it involves complex malpractice litigation is unavailing.

For the foregoing reasons, the Court GRANTS the United States' motion to dismiss plaintiff's claims against the United States. As a result of such dismissal, the Court no longer has jurisdiction over plaintiff's claims against the remaining defendants, and accordingly REMANDS those claims to the Superior Court for the County of Del Norte.[2]

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the United States' motion to substitute and for dismissal, and REMANDS the remaining claims to the Superior Court for the County of Del Norte. (Docket Nos. 5 and 12).    **IT IS SO ORDERED.**

Dated: November _2___, 2006

SUSAN ILLSTON
United States District Judge

---

[2] On October 20, 2007, defendant Visicu, Inc., filed a request for remand of plaintiff's claims against the non-federal defendants in the event the Court granted the United States' motion for dismissal.

4